IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CR-94-D-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TEREK HARPER, | ) | |
| | ) | |
| Defendant. | ) | |

On August 3, 2021, Terek Harper ("Harper" or "defendant") moved pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure for an extension of time to file a notice of appeal regarding this court's May 10, 2021 order denying Harper's motion for compassionate release [D.E. 234]. As explained below, the court denies Harper's motion.

I.

On January 20, 2021, Harper moved pro se for compassionate release. See [D.E. 192]. On March 22, 2021, Harper filed through counsel a memorandum and documents in support. See [D.E. 204]. On April 5, 2021, the government responded in opposition. See [D.E. 209]. On April 12, 2021, Harper replied. See [D.E. 213]. On May 10, 2021, the court denied Harper's motion. See [D.E. 217]. On August 3, 2021, Harper filed a notice of appeal of this court's May 10, 2021 order. See [D.E. 235].

Rule 4(b)(1) of the Federal Rules of Appellate Procedure provides Rule 4(b)(1) provides that "a defendant's notice of appeal must be filed ... within 14 days after ... the entry of ... the order being appealed[.]" Fed. R. App. P. Rule 4(b)(1). Rule 4(b)(4) provides for a motion for extension of time to file an appeal:

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b)(4). "[T]hese time constraints are not jurisdictional limitations." United States v. Campbell, 971 F.3d 772, 773 (8th Cir. 2020) (per curiam). Nonetheless, to qualify for relief, a Rule 4(b)(4) motion "must be filed within the additional 30 days during which an extension is permissible." United States v. Lafontante, 669 F. App'x 523, 524 (11th Cir. 2016) (per curiam) (unpublished). Accordingly, "if a criminal defendant's notice of appeal is filed more than 30 days after the expiration of the initial 14-day appeal period, then the defendant is not eligible for relief under Rule 4(b)(4)." United States v. Mathauda, 817 F. App'x 930, 931 (11th Cir. 2020) (per curiam) (unpublished); see United States v. Carter, 849 F. App'x 131, 132 (5th Cir. 2021) (per curiam) (unpublished); United States v. Oliver, 878 F.3d 120, 123 (4th Cir. 2017) ("Given that [the defendant's] notice was far more than thirty days late, however, Rule 4(b)(4)'s extension of time to file for excusable neglect or good cause is no help to him."); United States v. Odman, No. 4:96-cr-00053-MR-1, 2020 WL 2041345, at *1 (W.D.N.C. Apr. 28, 2020) (unpublished); United States v. Miller, No. 5:15-CR-17-RLV-DCK, 2016 WL 3621757, at *1 (W.D.N.C. July 6, 2016) (unpublished).

The court entered the order denying Harper's motion for compassionate release on May 10, 2021. See [D.E. 217]. Accordingly, under Rule 4(b)(1), Harper had 14 days, or until May 24, 2021, to file a notice of appeal. Harper, however, did not file a notice of appeal or a request to extend the time to file his notice of appeal under Rule 4(b)(4) until August 3, 2021. See [D.E. 234, 235]. Although Harper argues that this late filing was due to excusable neglect or good cause, see [D.E. 234] 1–2, the late filing was over one month beyond the 30-day extension period provided for by

Rule 4(b)(4) which ended on June 23, 2021. Accordingly, the court denies Harper's motion. See Carter, 849 F. App'x at 132; Mathauda, 817 F. App'x at 931; Oliver, 878 F.3d at 123; Odman, 2020 WL 2041345, at *1; Miller, 2016 WL 3621757, at *1.

II.

In sum, the court DENIES Harper's motion for extension of time to file his notice of appeal [D.E. 234].

SO ORDERED. This 5 day of August 2021.

JAMES C. DEVER III
United States District Judge