IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CR-94-D-2

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TEREK HARPER, ) | |
| ) | |
| Defendant. ) | |

On February 7, 2022, Terek Harper ("Harper" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 248]. That same day, the court appointed counsel for Harper pursuant to standing order 19-SO-3 [D.E. 251]. On July 21, 2022, Harper, through counsel, filed a memorandum and documents in support [D.E. 258]. On August 2, 2022, the government responded in opposition [D.E. 261]. As explained below, the court denies Harper's motion.

I.

On September 7, 2018, pursuant to a written a plea agreement, Harper pleaded guilty to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin (count one) and possession with intent to distribute a quantity of heroin (count two). See [D.E. 84, 86, 168]. On April 1, 2019 the court held Harper's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR") and resolved Harper's objections. See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 135]; Sent Tr. [D.E. 169] 2–66. The court calculated Harper's total offense level to be 26, his criminal history category to be II, and his advisory guideline range to be 70 to 87 months' imprisonment. See. Sent. Tr. 65. After considering the arguments of counsel and

all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Harper to 87 months' imprisonment consecutive to his anticipated state sentence. See [D.E. 161]; Sent. Tr. 66–80.

On April 13, 2019, Harper appealed. See [D.E. 160]. On September 30, 2020 the Fourth Circuit enforced the appellate waiver in Harper's plea agreement and dismissed the appeal [D.E. 177].

On September 1, 2020, Harper moved pro se for compassionate release. See [D.E. 192]. On May 10, 2021, the court denied Harper's motion. See [D.E. 217]. On August 3, 2021, Harper appealed. See [D.E. 235]. On October 14, 2021, the Fourth Circuit dismissed the appeal for failure to prosecute. See [D.E. 243].

On May 14, 2021, Harper moved pro se to vacate his sentence under 28 U.S.C. § 2255. See [D.E. 218]. On June 28, 2021, the government moved to dismiss. See [D.E. 229]. On April 5, 2022, the court granted the government's motion to dismiss. See [D.E. 253].

On February 7, 2022, Harper moved again for compassionate release. See [D.E. 248]. The government opposes the motion. See [D.E. 261].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18

2

U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

On December 16, 2020, Harper applied to his warden for compassionate release and was denied. See [D.E. 204-4]. The government argues that this application only satisfies the exhaustion requirement for Harper's first compassionate release motion and that it does not apply to Harper's most recent compassionate release motion. [D.E. 261] 20. The court assumes Harper has met the requirement and the court addresses Harper's motion on the merits. See Muhammad, 16 F.4th at 130.

Harper seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, his obesity, the conditions at Allenwood Medium FCI, the time he has already served, his release plan, and his rehabilitative efforts. See [D.E. 248]; [D.E. 258] 3; [D.E. 261-1].

As for the "medical condition of the defendant" policy statement, the policy statement

4

requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Harper is 38 years old and is obese. See [D.E. 258] 5; [D.E. 261-1]. His medical conditions are under control. See [D.E. 261-1] 1.

Harper argues that his obesity put him at heightened risk of serious infection or death from COVID-19. See [D.E. 258] 5. However, Harper received two doses of the Moderna vaccine. See [D.E. 261-1] 2; [D.E. 217] 6. The vaccine provides protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v.

5

Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). And the wide availability of COVID-19 vaccines greatly diminishes the risk to Harper from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. On May 18, 2022, Harper had the opportunity to receive a Pfizer booster but declined. See [D.E. 261-1] 3.

Harper's BOP medical records state that Harper contracted COVID-19 and recovered. See [D.E. 248] 1; [D.E. 261] 4. Harper's natural antibodies provide additional protection. See Ibarra, 2022 WL 229198, at *1; Garrett v. Murphy, 17 F.4th 419, 433 & n.7 (3d Cir. 2021) (discussing natural immunity as a result of recovering from COVID-19). Therefore, reducing Harper's sentence because of his risk factors and the general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Harper's obesity, his release plan, his rehabilitative efforts, and his time served, are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Harper's sentence. See Hargrove, 30 F.4th at 198–99; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32.

6

Harper is incarcerated for conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin and possession with intent to distribute a quantity of heroin. See PSR ¶¶ 1, 10, 14–30. Harper played a key role in a multi-year drug conspiracy in which Harper and his co-defendants trafficked drugs from New Jersey and distributed large amounts of heroin in multiple counties in North Carolina. See Sent. Tr. 2–80; PSR ¶¶ 14–30. When Harper engaged in the conduct resulting in his federal incarceration, Harper had numerous state felony convictions, including convictions for robbery, possession of weapons for unlawful purposes, unlawful possession of handguns, conspiracy to commit robbery, controlled dangerous substance on school property, possession of a controlled substance, trafficking in opium or heroin (two counts), possession with intent to manufacture, sell, and deliver heroin, maintaining a vehicle, dwelling, or place for a controlled substance, and possession of a controlled substance in prison or jail premises. See id. ¶¶ 34–37. Harper also has a misdemeanor conviction for wandering or prowling to obtain or distribute a controlled dangerous substance. See id. ¶ 38.

Harper has a poor record while federally incarcerated. Harper has completed a drug education program, enrolled in educational training, and is on the wait list for the Residential Drug Abuse Program. See [D.E. 258] 7. However, Harper has received three sanctions since his last compassionate release motion, including two citations for possessing a hazardous tool and one citation for engaging in sexual acts. See [D.E. 262].

The court must balance Harper's criminal conduct, serious criminal history, poor record in custody, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; United States v. Roane, ___ F.4th ___, ___, Nos. 20-14 & 20-16, 2022 WL 10217083, at *8–9 (4th Cir. Oct. 18, 2022); High, 997 F.3d at 187–91; McDonald, 986 F.3d at

7

412; Martin, 916 F.3d at 398. The court also has considered Harper's potential exposure to COVID-19, his obesity, his release plan, his rehabilitative efforts, his time served, and his vaccinated status.[1] Harper has a release plan that includes living with his girlfriend in Windsor, New Jersey, and continuing his work with a labor union. See [D.E. 258] 8. Harper has a daughter with asthma, and he also hopes to help support her. See id. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Harper's arguments, the government's persuasive response, the need to punish Harper for his serious criminal behavior, to incapacitate Harper, to promote respect for the law, to deter others, and to protect society, the court denies Harper's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; Roane, ___ F.4th at ___, 2022 WL 10217083, at *8–9; Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motions for compassionate release [D.E. 248, 258].

SO ORDERED. This 21 day of November, 2022.

J. Dever
JAMES C. DEVER III
United States District Judge

---

[1] Harper is no longer housed at Allenwood Medium FCI. See Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed Nov. 21, 2022). Thus, the court rejects his arguments about the conditions at Allenwood.

8